City of Denver et al. v. Monash et al.

1. Writ of Error.
A writ of error does not lie to an interlocutory order.
2. Same—Orders in Vacation.
An order of the judge, in vacation, purporting to make permanent a temporary injunction, is not such a final disposition of the case as to be reviewable upon a writ of error thereto.

*Error to the District Court of Arapahoe County.*

Mr. F. A. Williams, Mr. A. B. Seaman and Mr. G. Q. Richmond, for plaintiffs in error.

Mr. C. P. Butler, Messrs. Ross & Deweese and Mr. T. E. Watters, for defendants in error.

Per Curiam. This action was instituted by a number of merchants of the city of Denver to restrain the municipal authorities from enforcing a city ordinance prohibiting the erection or occupation of stands upon any part of the sidewalks for the sale or display of goods.

Upon filing the complaint a temporary writ of injunction was issued, restraining the defendants in accordance with the prayer of the complaint. Thereafter the judge of the court, in vacation, heard testimony, and signed a decree purporting to make permanent the temporary writ theretofore issued. This order of the judge in vacation does not, however, have the force and effect of a final decree by the court. It is purely interlocutory in character, and discretionary with the judge, and cannot be reviewed here.

This case, so far as we are advised, was never finally disposed of in the district court and is still pending there. Until the trial court enters a final judgment upon the merits, we cannot review its interlocutory order, or the order of the judge at chambers, such as is the one now before us. The writ of error prosecuted to such intermediate order is therefore dismissed for want of jurisdiction in this court to, entertain the same.

*Dismissed.*